## UNION JOINT STOCK LAND BANK OF DETROIT v BAKER et

Ohio Appeals, 3rd Dist, Allen Co

No 706. Decided Feb 11, 1937

A. G. Masters, and Howard Everett, for appellant.

T. R. Hamilton, Lima, for appellee.

## OPINION

By THE COURT

This is an appeal on a question of law from a judgment, order and decree of the Common Pleas Court granted pursuant to the provisions of §11588 GC, upon an application of the appellee Clara M. Baker postponing the proceedings on a judgment for the foreclosure of a mortgage which judgment had been granted on the petition of the appellant Union Joint Stock Land Bank, a Federal instrumentality. The mortgage foreclosed was executed prior to the 18th day of May, 1933. The order and decree of the court recites that under the present existing economic conditions as shown by the evidence the proceedings to enforce the judgment herein described should be and the same is hereby restrained until the first day of April, 1937 upon the following conditions, to-wit:

1st. That the defendant, Clara M. Baker, pay the current taxes against the real estate herein which may become due and payable as provided by law.

2nd. That the defendant, Clara M. Baker, pay the interest so becoming due from and after this date upon the judgment herein, at the rate of six per cent per annum, and becoming payable on September 1, 1936, and on the 1st day of March, 1937.

It is contended by the appellant that said order, decree and judgment is contrary to law for the following reasons: 1. Under the evidence in this case Clara M. Baker is not entitled to relief under §11588 GC. 2. The order for payment of interest does not constitute a valid exercise of the court's powers under the section in question. 3. That the provisions of said §11588 GC are unconstitutional in so far as they tend to impede and burden the operations of a federal instrumentality such as the plaintiff appellant in this cause.

These contentions will be considered in the order mentioned.

1. Sec 11588, GC (which became effective February 4, 1935) provides as follows:

"Encumbered property must be sold; sale postponed, when.—When a mortgage is foreclosed or a specific lien enforced a sale of the property shall be ordered. However, any court before which a proceeding for the foreclosure of a mortgage or the enforcement of a specific lien or execution against real property is had, on or before the 1st day of April, 1937, may after a full hearing, and upon such terms and conditions as may be fixed by the court, order that the sale be postponed and that proceedings to enforce the debt or to recover possession be restrained until such a time, not later than the first day of April, 1937, as the court may, in the exercise of its discretion believe to be just and equitable, considering the rights and equities of all parties affected by such order in the light of existing economic conditions but in no event to postpone said sale and/or such proceedings unless the current taxes and the interest due from and after the date of said postponement by said court order shall be paid as due, provided no sale shall be postponed and no such proceedings had upon a mortgage executed after May 18, 1933.

"In the event of default as to any of the terms and conditions fixed by the court in postponing a sale under the provisions of this act and upon application of the lienholder, his heirs, successors or assigns, the court may set aside the said order of

postponement and injunction and order the sale to proceed.

"When the real property to be sold is in one or more tracts, the court may order the officer who makes the sale to subdivide appraise and sell them in parcels, or sell any one of the tracts as a whole."

It is contended by the appellant that because the evidence in this case shows that the appellee Clara M. Baker does not reside on the premises upon which the mortgage is foreclosed she is not entitled to the benefits of said section.

From a reading of the section it will be noticed that the benefits of the same are not restricted to persons residing on the premises on which the mort- gage is foreclosed. In the absence of such restriction appellee is clearly entitled to the benefit of the section, and the first contention mentioned is without merit.

2. The second contention of appellant is that the order should have provided a monthly payment of interest on the indebtedness and such provision not having been made the order is invalid.

It will be noted on an inspection of the section that the restriction on the power of the court to postpone the sale and the proceedings to enforce the debt, is contained in the provision "but in no event to postpone said sale and/or such proceedings unless the current taxes and the interest due from and after the date of said postponement by said court order shall be paid as due." The order of postponement made by the court is in strict conformity with these provisions except that the appellant is given the benefit of semi- annual payments of interest instead of being required to accept annual payments of interest on the judgment. The second contention is therefore without merit.

3. While the appellant is a federal instrumentality, no greater powers are conferred on it in this respect than are conferred on national banks and there is no provision of the federal law specifically exempting it from the operation of state laws. The general rules applicable to national banks, which are also applicable to the appellant, are stated in **5 Ohio Jurisprudence at page 285,** as follows:

"National banks are instrumentalities of the federal government created for a public purpose, and as such necessarily subject to the paramount authority of the United States. It follows, therefore, that an attempt by the state to define their duties is absolutely void whenever such attempted exercise of authority conflicts with the laws of the United States and either frustrates the purpose of national legislation or impairs the efficiency of these agencies of the federal government to discharge the duties for the performance of which they were created. * * * However, the doctrine of non-interference by the state with the operation of a national bank protects the bank only from such legislation as tends to impair its utility as an instrumentality of the federal government. In fact national banks are governed far more in their daily course of business by the laws of the state than by those of congress; their contracts and dealings are governed by, construed under, and are subject to general and undiscriminating state laws."

From an inspection of the section in question it will be noted that it does not in any way discriminate against federal instrumentalities and is of gen- eral application to actions in foreclosure coming within its provisions, so it would not be void on the ground of discrimination.

In the opinion in the case of **Higley et v The First National Bank of Beverly, 26 Oh St page 75,** at page 80 it is stated that national banks are in many respects subject to the laws of the state where situate, and especially to their remedial laws.

The section attacked in this case is a section relating to the remedy. From time immemorial courts of equity have had and have exercised jurisdiction to stay proceedings in pending actions, and the jurisdiction to stay proceedings under the section mentioned is simply an extension of jurisdiction already possessed by the courts. As stated above, the operation of this section is uniform. It simply provides an additional stay of proceedings based on reasons of public policy set forth in the statute. It does not conflict with the laws of the United States and does not frustrate the purpose of national legislation or impair the efficiency of agencies of federal government to discharge the duties for the performance of which they were created. And in the absence of federal laws specifically exempting the instrumentality in question from the operation of state laws relating to remedies in actions in foreclosure, is a valid exercise of its sovereign power by the state government and applies to such instrumentality in the same man-

ner it applies to all persons availing themselves of the remedy of foreclosure. The third contention of the appellant is therefore without merit.

For the reasons mentioned, the judgment of the Common Pleas Court will be affirmed.